## ***ROBERT L. ARLEO, ESQ. P.C.***
380 Lexington Avenue
17th Floor
New York, N.Y.  10168

Telephone: (212) 551-1115                                               Fax: (518) 751-1801
Email: robertarleo@gmail.com

March 26, 2018

Hon. A. Kathleen Tomlinson
United States District Court Magistrate Judge
U.S.D.C., E.D.N.Y.
Long Island Federal Courthouse, 944 Federal Plaza
Central Islip, New York   11722

                        Re:  Jackson v. POM Recoveries, Inc.
                              17-cv-06118 (ADS)(AKT)

Dear Magistrate Judge Tomlinson:

   Please consider this correspondence to serve as a motion to strike the Plaintiff's opposition filed today (Dkt. No. 22) to the Defendant's motion for a protective order in regard to the issue of class discovery. Defendant's motion for a protective order (Dkt. No. 20) was filed on March 16, 2018 and supplemented (Dkt. No. 21) on March 17, 2018. Pursuant to Your Honor's Individual Rule III A. 1, Plaintiff's response to the letter motion was due within 3 business days thus the Plaintiff was required to serve a response by the close of business on March 21, 2018. Furthermore, no motion to extend the response deadline was made nor is there any explanation contained in the response filed today by attorney Jonathan Cader as to why Your Honor's Rule was ignored.

   A further reason to strike is based upon the fact that Plaintiffs' counsels also violated that portion of Your Honor's Rule III A. 1, and Local Rule  37.3(a), each of which requires attorneys to meet a confer in attempt to resolve a discovery dispute in order to free the Court of the burden of discovery motion practice. In compliance therewith I sent a letter dated March 12, 2018, which is addressed to Plaintiff's counsels David Barshay and Jacob Silver. I attach a copy of said letter hereto as Exhibit "1". Therein I set forth the basis for the Defendant's objection to the Plaintiff's class discovery in detail. As the end of the letter indicates, I asked for a time to meet and confer by telephone to discuss the class discovery dispute. Although addressed only to Mr. Barshay and Mr. Silver, I emailed the letter to all four of Plaintiff's counsels on March 12, 2018. However, this letter, similar to the other letters described below, was ignored by each of these four attorneys.

   Had any of the Plaintiff's four attorneys agreed to meet and confer with me  as per my request, the class discovery dispute may have been resolved without the need for me to file the subject motion for a protective order. As Your Honor is well aware, that is the very purpose of the meet and confer requirement regarding discovery disputes. However, this intended goal

cannot be accomplished unless attorneys respond to a communication from adverse counsel advising of a discovery dispute and a request to meet and confer in regard thereto. Although I was adamant in regard to Defendant's position concerning the Plaintiff's class discovery demands, and in my intent to file motions in regard thereto, each of Plaintiff's counsels had every opportunity to advise me during a meet and confer telephone conversation why they disagreed with my position.

Intentionally ignoring discovery issues was not limited to the class discovery issue. I attach hereto as Exhibit "2" a copy of my letter dated March 18, 2018 which, again, is addressed to Mr. Silver and Mr. Barshay but was emailed on that date to all four of Plaintiffs' counsels. I have received no response to this meet and confer request letter thus I will now be compelled to draft and file a motion in the attempt to obtain an order from Your Honor to compel the Plaintiff to serve amended responses to Defendant's discovery demands.

I also attach hereto a copy of my correspondence dated March 21, 2018, again addressed to Mr. Silver and Mr. Barshay but emailed to all four of Plaintiff's counsels on that date. Therein I described an issue concerning a mistaken reference to the Plaintiff's son in the Defendant's discovery demands. As set forth in this letter, the demands should have referenced the Plaintiff's daughter. As with each of my other correspondences described above, this correspondence has also been ignored by Plaintiffs' counsels. As a result, I will be compelled to file a motion to extend the March 11, 2018 deadline to serve a second set of requests for production of documents and interrogatories so that I may ensure that proper responses are provided based upon the correct facts at issue.

The foregoing demonstrates that the Plaintiffs' attorney have engaged in numerous violations of Your Honor's Individual Rules and the Local Rules of this Court. The foregoing also demonstrates that the Plaintiffs' attorneys have engaged in a consistent pattern and practice of failing to comply with their duties to adverse counsel during the discovery process. In the Initial Case Management and Scheduling Order issued by Your Honor on February 7, 2018 (Dkt. No. 19), paragraph II b. therein, Your Honor expressly references to Local Rule 26.4 which requires attorneys to cooperate with each other in all phases of the discovery process and "…. to be courteous in their dealings with each other." The intentional disregard of my correspondences demonstrates numerous and blatant violations of Local Rule 26.4

It is important to advise Your Honor that both Mr. Barshay and Mr. Sanders, during the same period in which I emailed the above-described correspondences, have promptly responded to emails I sent to each in regard to other FDCPA cases wherein we are all involved and wherein my clients wish to offer monetary settlement offers. In regard thereto, some of Mr. Barshay's emails are sent after midnight in the early hours of the morning. Thus, there can be no claim of inability to respond to the email communications described above.

Should Your Honor deny the herein motion to strike the Plaintiff's opposition to its motion for a protective order, then I request permission to file a reply to the opposition to address the inaccuracies set forth therein.

3

                                            Respectfully submitted,

                                            / s / *Robert L. Arleo*

                                            Robert L. Arleo

RLA:gra
Cc: POM Recoveries, Inc.
     All counsels of record via ECF