**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

DESHAWN JACKSON, individually and on behalf of all others similarly situated,

        Plaintiff,

        vs.

POM Recoveries, INC.,

        Defendant.

Case No.: 1:17-cv-06118-ADS-AKT

---

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION

BARSHAY SANDERS, PLLC
*Attorneys for Plaintiff*

100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055

Plaintiff Deshawn Jackson ("Jackson" or "Plaintiff") by and through the undersigned attorneys, submit the instant Memorandum of Law in support of Plaintiff's Motion to reconsider the Order of Magistrate Judge Tomlinson dated March 28, 2018, which granted Defendant's motion for a protective Order (in part), pursuant to Local Rule 6.3, Fed. R. Civ. Pro. 60 and 72.

## PRELIMINARY STATEMENT

This Motion asks Your Honor to reconsider the decision and Order of Magistrate Judge Tomlinson dated March 28, 2018, on the grounds that the Order contains plain errors of law.

Plaintiff commenced this putative class action following his receipt of a collection letter from Defendant dated August 3, 2017 (*Dkt. 1-2*), alleging a variety of violations of the Fair Debt Collection Practices Act (15 U.S.C. §1692, *et seq.*) (the "*FDCPA*") (The specific FDCPA violations are not relevant to the instant motion and, therefore, are not discussed here).

On or about February 11, 2018, Plaintiff served various discovery demands, including a first set of interrogatories and a request for production of documents.  Among the requests so served, Plaintiff demanded, *inter alia,* information and documents relating to Defendant's net worth, for purposes of estimating class statutory damages under the FDCPA.  Defendant moved the Court for a protective Order against the "net worth" discovery requests.  Defendant's argument was based on the contention that any class recovery would be *de minimis* based on its net worth and, therefore, a class could never be certified.  *See, e.g., Dkt. 20.*  Plaintiff opposed the motion on the grounds that the "net worth" documents are clearly discoverable, particularly where – as here – Defendant made representations as to its purported net worth (or lack thereof) for the sole purpose of defeating the discovery requests.

The Magistrate Judge granted Defendant's motion for a protective Order – at least in part – upon finding that Plaintiff's requests for discovery as to Defendant's financial condition and

net worth were premature, insofar as a class has not yet been certified.  *See Dkt. 25.*  To this end, the Magistrate Judge granted Plaintiff's counsel leave to renew the requests for financial information from Defendant – but only in the event that Your Honor grants a motion for class certification.

The Magistrate Judge's decision was erroneous, to the extent that is misapprehended or overlooked the case law cited by Plaintiff.  More specifically, the Court did not find that Plaintiff's demands were *per-se'* improper (although potentially overbroad) but, rather, that they were premature because class certification has not yet been granted.  In this regard, the Court ignored the fact that such discovery is a necessary prerequisite to Plaintiff even seeking class certification.  Absent such information, Plaintiff would be disabled from presenting Your Honor with a proper motion for class certification – as to the "superiority" requirement of Rule 23 – and cannot be held to rely on the  argument of counsel alone as to Defendant's purported net worth (or lack thereof).

Because the Magistrate Judge's decision misapprehended or overlooked the applicable law, Plaintiff respectfully requests that the Court grant the instant motion for reconsideration.

## ARGUMENT

### I.    THE INSTANT MOTION IS TIMELY

Pursuant to Local Rule 6.3, unless otherwise provided for by statute, "a motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion…" L.R. 6.3.

In the case-at-bar, the instant motion has been filed within fourteen (14) days after the entry of the Court's determination of Defendant's original motion for a protective Order. *Dkt. 25.* Accordingly, the instant motion has been timely filed.

### II.    THE INSTANT MOTION IS PROPERLY BEFORE THIS COURT

Pursuant to Fed. R. Civ. Pro. 72, when a non-dispositive motion has been decided by a Magistrate Judge, the appropriate course of review is to bring the party's objections to the District Judge for review.  Accordingly, the instant Motion is properly before Your Honor pursuant to Rule 72.

### III.    STANDARD OF REVIEW

Pursuant to Fed. R. Civ. Pro. 72(c), the standard of review is *de novo.*  ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to").  Fed. R. Civ. Pro. 72(c).

### IV.    THE MAGISTRATE JUDGE IMPROPERLY GRANTED DEFENDANT'S MOTION FOR A PROTECTIVE ORDER

The Magistrate Judge improperly granted Defendant's Motion for a Protective Order, to the extent that the decision rested on the premise that Plaintiff's discovery demands were premature with respect to class discovery.  *See, e.g., Dkt. 25.*  Although the Magistrate Judge

stated in dicta that the demands may have been overbroad (*see id.*), such a finding would merely result in an Order directing Plaintiff to serve revised demands – not in a decision that the demands were premature, and should be renewed – if at all – after Your Honor has decided the question of class certification.

The foregoing holding is counterintuitive, to the extent that a motion for class certification will ordinarily not be entertained until after the close of discovery. More importantly, however, is the fact that the Magistrate Judge's decision represents a misunderstanding or misapprehension of the controlling law. Indeed, as Your Honor can see, the decision that is the subject of this motion cites no authority whatsoever for the Court's holding. *Dkt. 25*.

### a. The Magistrate Judge Overlooked or Misapprehended the Precedent Applicable to the Motion Below

As Your Honor observed in *Annunziato v. Collecto, Inc.*, 293 F.R.D. 329, 340 (E.D.N.Y. 2013), "The party seeking class certification bears the burden of establishing by a preponderance of the evidence that each of Rule 23's requirements has been met." *Id.* at 334, quoting *Myers v. Hertz Corp.*, 624 F.3d 537, 547 (2d Cir. 2010). To make such a finding, "the Court must determine (1) whether the class meets the four Rule 23(a) requirements of numerosity, commonality, typicality and adequacy; and if so, (2) whether the class satisfies one of the three categories listed in Rule 23(b)." *Id.* (citations omitted). In evaluating whether the moving party has met its burden, Your Honor held that "The second prong of Rule 23(b)(3), commonly referred to as the superiority element, requires the court to examine whether a class action is superior to other methods of adjudication." *Id.* (citation omitted). Those considerations necessarily involve the Court's consideration of the potential recovery to plaintiffs as a class – as opposed to individual adjudications. In answering this question, Your Honor held:

"notwithstanding the possibility of higher individual recoveries, litigating as a class retains substantial value because it encourages the prosecution of claims en masse that would not be prosecuted individually" and as a result, "[the] [d]efendant's 'de minimus recovery' argument ... is unpersuasive for reasons explored by other district courts in this Circuit." *Kalish v. Karp & Kalamotousakis, LLP*, 246 F.R.D. 461, 464 (S.D.N.Y. 2007) (collecting cases). This is because "while the potential for higher individual recoveries exists, realizing that potential requires assuming that each putative class member is 'aware of her rights, willing to subject herself to all the burdens of suing and able to find an attorney willing to take her case.' " *Id.* (quoting *Mace v. Van Ru Credit Corp*., 109 F.3d 338, 344 (7th Cir. 1997)).

*Annunziato*, 293 F.R.D. at 340.

In order for the Court to conduct this evaluation, it is axiomatic that Plaintiff (and Defendant) must be able to present evidence of the Defendant's net worth to the Court.  If the decision below were to stand, it would disable Plaintiff from presenting any evidence as to Defendant's net worth and whether the four Rule 23(b) requirements have been met.  The Court cannot decide this question in a vacuum.  Accordingly, the denial of Plaintiff's request for net worth discovery would disable the Court from making any meaningful evaluation of the potential (or actual) net recovery to Plaintiffs as a class, as opposed to requiring all putative class members to bring individual actions.

Your Honor adhered to a similar determination in *Kalkstein v. Collecto, Inc.*, 304 F.R.D. 114, 123 (E.D.N.Y. 2015), wherein the Court held that "[C]lass treatment is often deemed superior in 'negative value' cases, in which 'each individual class member's interest in the litigation is less than the anticipated cost of litigating individually." *Id*. citing *In re Advanced Battery Technologies, Inc. Sec. Litig*., 298 F.R.D. 171, 182 (S.D.N.Y.2014) (citing *Menkes*, 270 F.R.D. at 100).   The Court cannot determine – and Plaintiff cannot present – information pertaining to Defendant's net worth and the potential recovery to a class, absent discovery on Defendant's net worth.   It matters not that the Court may be more inclined to  grant class certification in the event of a "negative net worth" case, because the Court cannot determine

what the potential recovery would be to a class absent discovery on this topic.

Magistrate Judge Levy of this Court came to a similar conclusion in holding that information pertaining to an FDCPA defendant's net worth is unquestionably discoverable, albeit in the reverse situation.  In *Mailloux v. Arrow Fin. Servs., LLC*., 2002 WL 246771 (E.D.N.Y. Feb. 21, 2002), the plaintiff had moved to compel the defendant's responses to its discovery demands pertaining to the debt collector's net worth.  Defendant opposed the motion.  In finding the discovery proper, Judge Levy held, "under [the] FDCPA, net worth is an absolute cap on all recovery to the class and thus critical to a determination of potential damages."  *Mailloux,* 2002 WL 246771 at *1.  Accordingly, the materials plaintiff seeks are unquestionably relevant and discoverable. In any event, "plaintiff need not accept defendant's interpretation of its financial data through representations in an affidavit, but is entitled herself to examine the data underlying defendant's statement of net worth."  *Id.*  In so finding, Judge Levy granted the plaintiff's motion to compel the production of the defendant's documents pertaining to its net worth.  *Id.*

While there is an abundance of cases outside this District which have held that similar requests for discovery are proper and must be complied with prior to the time that a motion for class certification is sought – and have compelled such responses – it is respectfully submitted that such a treatise is neither warranted nor required here.  Instead, Your Honor has repeatedly held that such a proffer is required as a part of a putative FDCPA class Plaintiff's application for class certification – as have other Magistrate and District judges within this District.  Although Plaintiff cited the case law on this point in its Opposition before the Magistrate Judge (*Dkt. 22*), the resulting decision did not cite any law whatsoever in granting Defendant's motion on the grounds that Plaintiff's demands were purportedly premature.  As the case law shows, this discovery is necessary for Plaintiff to make his *prima facie* showing that class certification is the

superior method of resolving the claims in this case, and neither Plaintiff nor this Court are required to accept Defendant's self-serving representations to the contrary.

## CONCLUSION

For all these reasons, it is respectfully submitted that the Court find that the Magistrate Judge's determination that Plaintiff's discovery demands are premature – without citation to any supporting authority – is error as a matter of law, and that Your Honor reverse same.

Dated: Garden City, New York
      April 4, 2018

                        Respectfully submitted,

                        BARSHAY SANDERS, PLLC

                        By:     *s/ Jonathan M. Cader*
                        Jonathan M. Cader, Esquire
                        David M. Barshay, Esquire
                        100 Garden City Plaza, Suite 500
                        Garden City, New York 11530
                        Telephone: (516) 203-7600
                        Facsimile: (516) 706-5055
                        jcader@sanderslawpllc.com
                        dbarshay@barshaysanders.com
                        *Attorneys for Plaintiff*